**Rodolfo SAN JUAN BONILLA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–72425.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 13, 2004.

Rodolfo San Juan Bonilla, Canoga Park, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Margaret Taylor, Jennifer Lightbody, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM **

Rodolfo San Juan Bonilla, a native and citizen of Mexico, petitions pro se for review from the Board of Immigration Appeals' ("BIA") denial of his motion to reopen removal proceedings to allow him to apply for derivative Temporary Protected Status ("TPS"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the BIA's denial of a motion to reopen for an abuse of discretion. *De Martinez v. Ashcroft,* 374 F.3d 759, 761 (9th Cir.2004). We review purely legal questions de novo. *Id.* We deny the petition for review.

The BIA did not abuse its discretion in denying Bonilla's motion to reopen because his application for derivative TPS based on his wife's TPS is collateral to his removal proceedings. *See* 8 U.S.C. § 1254a(b)(5)(A).

The BIA is correct in holding that jurisdiction over Bonilla's derivative TPS registration rests with the Department of Homeland Security ("DHS"). Bonilla can appeal the agency's error in miscategorizing his application and finding him ineligible for direct TPS relief when in fact he had applied for derivative TPS. *See* 8 C.F.R. §§ 244.10(c) & (d).

Bonilla's stay of removal will remain in effect until his TPS appeal is adjudicated. *See* 8 U.S.C. § 1254a(a)(1)(A) (providing that the government shall not remove an alien who establishes prima facie eligibility for TPS pending final determination on the TPS application); *see also Yao v. INS,* 2 F.3d 317, 318–19 (9th Cir.1993) (holding that alien's pending application for legalization of immigration status as a Special Agricultural Worker did not preclude initiation of deportation proceedings or entry of deportation order, but did prohibit execution of the deportation order until final determination on the application).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

